[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO REQUEST FOR LEAVE TO AMEND (#110)
Before the court is the defendant's objection to the plaintiff's request for leave to amend the complaint. For the following reasons the court overrules the objection.
 I. PROCEDURAL BACKGROUND
CT Page 14285
The plaintiff, Lee Ann Jennett, commenced this action by a complaint, dated August 17, 2000, alleging dental malpractice against the defendant, Laura Miller. On April 3, 2001, the plaintiff filed a request for leave to file an amended complaint.
On April 18, 2001, the defendant filed an objection to the request to amend. Her objection argues that the proposed amended complaint alleges new facts constituting a new cause of action and that the amended complaint is barred by the statute of limitations.[1] The court heard oral argument concerning the objection on September 4, 2001.
 II. STANDARD OF REVIEW
Connecticut "generally follows a liberal policy in allowing amendments to complaints." Web Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 360 (1987). However, a party's freedom to add new allegations to a complaint is limited by the relation back doctrine, which provides that "an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 264, 654 A.2d 748
(1995) (quoting Gurliacci v. Mayer, 218 Conn. 531, 548, 590 A.2d 914
(1991)). "Amendments should be made seasonably." (citations and internal quotation marks omitted.) Connecticut National Bank v. Voog, 233 Conn. 352,364, 659 A.2d 172 (1995).
Whether or not to permit an amendment lies within the trial court's discretion, which may be exercised to restrain amendments "so far as necessary to prevent unreasonable delay of the trial." Id. Other factors to be considered are the length of delay, fairness to the opposing parties, and the negligence, if any, of the party offering the amendment. See id.
 III. DISCUSSION
The original complaint contains two counts. Each count alleges dental malpractice against the defendant. The first count alleges that the defendant was the plaintiff's dentist from November 1996 to May 1998. The complaint further alleges that "[i]n November of 1996, the defendant performed a root canal procedure and arranged to provide a crown for one of the plaintiff's teeth. . . ." (See complaint, first count, ¶ 4.) The complaint alleges that the defendant negligently installed a temporary cap/tooth. The defendant also allegedly negligently installed a permanent crown. The second count alleges that the defendant abandoned the CT Page 14286 plaintiff and failed to "take corrective measures in a timely manner." (See complaint, second count, ¶ 3.)
The proposed amended complaint contains one count which alleges that the defendant cared for the plaintiff from August 15, 1991 to April 23, 1998. "On or about February 11, 1992 the Defendant began to perform dental work on tooth #12 of the Plaintiff by placing a crown over said tooth." (See amended complaint, ¶ 4.) The complaint further alleges that in order to anchor the crown, the defendant placed a bridge in the plaintiff's mouth. On November 25, 1996, the defendant allegedly performed a root canal on the plaintiff. As a result of the allegedly negligent dental work, the plaintiff had to undergo a surgical procedure and some of her teeth decayed.
The defendant objects to the request to amend, claiming that the proposed amended complaint alleges a new cause of action and is, thus, time-barred. The defendant, however, contends that the cause of action in the proposed amendment is not timed-barred and, even if it is time-barred, she has not alleged a new cause of action.
"If a new cause of action is alleged in an amended complaint, it will speak as of the date when it is filed. . . . A cause of action must arise from a single group of "facts . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . Where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Citations omitted; internal quotation marks omitted.) Connecticut National Bank v. D'Onofrio,46 Conn. App. 199, 208, 699 A.2d 237, cert. denied, 243 Conn. 926,701 A.2d 657 (1997). Because a new cause of action alleged in an amended complaint will speak as of the date it is filed, the court must first determine whether the allegations of the proposed amended complaint would be barred by the applicable statute of limitations.
General Statutes § 52-584 provides in relevant part that "[n]o action to recover damages for injury to the person . . . caused by . . . malpractice of a . . . dentist . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." The plaintiff contends that because she has alleged a continuing course of care terminating less than three years before the filing of the request to amend, the proposed complaint does not implicate § 52-584. The court agrees.
"The three year time limit is a statute of repose because it specifies CT Page 14287 the time beyond which an action under § 52-584 is absolutely barred;"Rivera v. Fairbank Management Properties, Inc., 45 Conn. Sup. 154, 158,703 A.2d 808 (1997); however, "it is appropriate to allow the course of treatment to terminate before allowing the repose section of the statute of limitations to run. . . ." Blanchette v. Barrett, 229 Conn. 256, 277,640 A.2d 74 (1994). "The term malpractice itself may be applied to a single act of a physician or surgeon or, again, to a course of treatment. The Statute of Limitations begins to run when the breach of duty occurs. When the injury is complete at the time of the act, the statutory period commences to run at that time. When, however, the injurious consequences arise from a course of treatment, the statute does not begin to run until the treatment is terminated." (Internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242, 253, 571 A.2d 116
(1990).
The continuous treatment doctrine requires allegations of "(1) an ongoing physician-patient relationship that had not terminated . . . the last time the plaintiff had consulted with the defendant; (2) negligence by the defendant . . . and (3) some form of treatment or required conduct that continued. . . ." Blanchette v. Barrett, supra, 229 Conn. 278. See also, Connell v. Colwell, supra, 214 Conn. 252-53. The proposed complaint contains all three allegations.
The plaintiff's proposed amended complaint alleges an ongoing physician-patient relationship when it alleges that the plaintiff consulted and was treated by the defendant from August 15, 1991 to April 23, 1998 and visited the defendant's office on April 23, 1998 for procedures relating to her previous dental work. She alleges several instances of negligence, specifically, negligently fitting crowns. negligently constructing and fitting the bridge, negligently allowing her teeth to decay as a result. and failing to provide or obtain timely consultation for the plaintiff. The proposed amended complaint also alleges further required conduct when it alleges that the defendant's negligent acts caused the plaintiff to not receive proper dental care and increased the risk of harm to her. Accordingly, the court finds that the proposed allegations allege a continuing course of treatment.
The proposed amended complaint was filed on April 3, 2001, within the applicable statute of repose of three years. See Blanchette v. Barrett, supra, 229 Conn. 280.[2] Accordingly, because the request to amend the complaint was filed within the limitations period, whether the proposed amended complaint states a new cause of action is not material to the resolution of the objection.
Here, the presentation of the amendment will not unreasonably delay this matter, the return date of which was September 26, 2000. While the CT Page 14288 amendment adds allegations concerning events which are alleged to have occurred several years ago, it presents them as part of a continuing course of treatment, which is permitted by the case law, as explained above. There has been no showing that negligence on the part of the plaintiff contributed to the time when the amendment was filed. There is no undue prejudice to the defendant in the pursuit by the plaintiff of a timely claim. Under all the circumstances, given the liberal policy in allowing amendments, the amendment should be permitted.
 CONCLUSION
For the foregoing reasons, the objection to the request to amend the complaint is overruled. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT